DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

EMAX FINANCIAL GROUP, LCC,         )
                                   )
                      Plaintiff,   )
           v.                      )
                                   )
THE UNITED STATES VIRGIN ISLANDS,  )   Civil Action No. 2009-086
and THE VIRGIN ISLANDS BUREAU      )
OF INTERNAL REVENUE,               )
                                   )
                      Defendants.  )
_____)

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Miami, FL
    *For the Plaintiff*

**Aquannette Y. Chinnery, Esq.,**
St. Croix, USVI
    *For the Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

This matter is before the Court on Plaintiff Emax Financial Group, LLC's "Motion to Reconsider," which was filed on April 27, 2012. (Dkt. No. 57). Defendant Virgin Islands Bureau of Internal Revenue ("VIBIR") filed its Opposition memorandum on May 9, 2012 (Dkt. No. 59), and Plaintiff filed its reply memorandum on May 23, 2012 (Dkt. No. 60). Through this Motion, Plaintiff seeks reconsideration of this Court's March 31, 2012 Order wherein the Court denied Plaintiff's Motion for Attorney's Fees. *See Emax Financial Group v. United States Virgin Islands*, 2012 WL 1190470 (D.V.I. March 31, 2012). For the reasons discussed below, Plaintiff's Motion to Reconsider will be denied.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence . . . Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted).

Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.3, arguing that "the instant motion is being made to correct manifest errors of law and/or fact." (Dkt. No. 57 at 2). Plaintiff claims that the Court applied the wrong legal standard in determining that the position of the VIBIR in this lawsuit—i.e. "that Plaintiff failed to exhaust its administrative remedies"—was "substantially justified." (Dkt. No. 57 at 2-3). Specifically, Plaintiff asserts that a finding of substantial justification is appropriate *only* if the Court determines that the VIBIR's position was "substantially justified" during this lawsuit *and* in the underlying administrative proceeding. *Id*.

As discussed in the Court's March 31, 2012 Memorandum Opinion in this case, the statute establishing the standard for attorney's fees in tax cases is I.R.C. § 7430(c)(4)(B). *See EMAX*, 2012 WL 1190470, at *10. Under the Virgin Islands Mirror Code, I.R.C. § 7430(c)(4)(B) provides in pertinent part: "A party shall not be treated as the prevailing party in a proceeding . . . if the [Virgin Islands] establishes that the position of the [Virgin Islands] in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B).

The basis for Plaintiff's argument is that under the Equal Access to Justice Act ("EAJA") and the cases construing it, the "'position of the United States' means, *in addition to*

2

*the position taken by the United States in the civil action*, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (emphasis added). Plaintiff claims that because claims for attorney's fees under the EAJA and federal tax laws are treated similarly by courts, the EAJA's "position of the United States" standard must be applied to I.R.C. § 7430.

Plaintiff's argument is torpedoed by both the language of the EAJA and I.R.C. § 7430. First, 28 U.S.C. § 2412(e) of the EAJA provides that "[t]he provisions of this section shall *not* apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies." 28 U.S.C. § 2412(e) (emphasis added). Thus, the plain language of the EAJA itself provides that its "provisions"—including section 2412(d)(2)(D)—do not apply in determining attorney's fees under I.R.C. § 7430. *See Pacific Fisheries Inc. v. United States*, 484 F.3d 1103, 1110 (9th Cir. 2007) ("The EAJA also specifically excludes from its coverage any action that might be brought under 26 U.S.C. § 7430 . . . Thus it is evident from the statutory language that Congress intended the fee-shifting inquiry under the tax statute to be different from the fee-shifting inquiry under the EAJA.").

Second, I.R.C. § 7430 makes a distinction between "administrative proceedings" and "judicial proceedings" for the purposes of determining who is the "prevailing party." *See* 26 U.S.C. § 7430(c)(7).  Courts have found that the language of section 7430 "treat[s] administrative proceedings separately from judicial proceedings" such that the inquiry into whether the I.R.S.' position during a court proceeding was "substantially justified" is limited to its position in the court proceeding not its "prelitigation conduct." *Pacific Fisheries Inc.,* 484 F.3d at 1108-1110; *see also Walter v. United States*, 2010 WL 724445, at *3 (W.D. Pa. Mar. 2, 2010) ("Thus, Plaintiffs cannot refer to a position taken by the United States at the prelitigation

3

phase to recover attorneys' fees incurred during this litigation and they cannot refer to the failure to act by the IRS as the 'position of the United States.'") (citing *Pacific Fisheries Inc.,* 484 F.3d at 1110). In other words, in a tax case, when a party seeks attorney's fees regarding a "court proceeding," the Court must look to the position of the VIBIR during the "court proceeding," not its "prelitigation conduct."

Here, in its Motion for Attorney's Fees, Plaintiff asks for fees related to these "court proceedings"—not its "administrative proceedings" before the VIBIR. (*See* Dkt. Nos. 24-1 and 28-1) (requesting attorney's fees beginning October 1, 2009—approximately one month prior to the filing of the instant litigation). Thus, whether the VIBIR's position during these "court proceedings" is "substantially justified" is measured by the VIBIR's position during this litigation—not its prelitigation conduct. *Pacific Fisheries Inc.,* 484 F.3d at 1110; *Walter*, 2010 WL 724445, at *3.

Accordingly, the Court made no "manifest error of law" in looking to the VIBIR's position during this litigation for the purposes of determining whether that position was "substantially justified." Plaintiff's Motion to Reconsider must therefore be denied. *Max's Seafood Cafe*, 176 F.3d at 677. An appropriate Order accompanies this Memorandum Opinion.

Date: October 12, 2012                                         _____/s/_____
                                                               WILMA A. LEWIS
                                                               District Judge